IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER FAHRNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:09-cv-403 |
| | ) |
| NORTHSTAR LOCATION SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, JENNIFER FAHRNER, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, NORTHSTAR LOCATION SERVICES, LLC, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. JENNIFER FAHRNER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Belleville, County of St. Clair, State of Illinois.

5. NORTHSTAR LOCATION SERVICES, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is registered as a limited liability company in the State of New York.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff to Bank of America.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

### IV.   ALLEGATIONS

9. In March 2009, Plaintiff received a telephone call from Defendant, who stated that it was calling to collect a debt allegedly owed by Plaintiff to Bank of America.

10. The alleged debt of Plaintiff was incurred primarily for personal, family, or household services.

11. During the course of the weeks following the aforementioned telephone call, on multiple occasions Plaintiff received multiple calls in a single day, often in excess of five (5) calls per day.

12. During the course of the aforementioned telephone calls, Defendant contacted Plaintiff by telephone and stated that if she did not pay the debt she allegedly owed within twenty-four (24) hours, she would face "dire consequences."

13. Despite being cognizant of Plaintiff's true and actual location, and despite having communicated directly with Plaintiff, Defendant contacted Plaintiff's mother by telephone.

14. During the course of Defendant's telephone calls to Plaintiff's mother, Defendant stated:

   i. That it was calling as Plaintiff owed a debt and Defendant was calling in an attempt to collect on that debt;
   ii. Plaintiff needed to pay the alleged debt within twenty-four (24) hours or face legal action;
   iii. If Plaintiff or Plaintiff's mother did not pay the debt it would be referred for legal action; and,
   iv. That Plaintiff's credit report was better than Defendant's and she did not want to risk damaging her credit.

15. Despite being cognizant of Plaintiff's true and actual location, despite having communicated directly with Plaintiff, despite having no reason to believe that the information provided by Plaintiff's mother as to Plaintiff's location was erroneous or incomplete, and despite having no authority from Plaintiff to do so Defendant continued to contact Plaintiff's mother by telephone.

16. In its attempts to collect the debt allegedly owed by Plaintiff to Bank of America, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

   b. Communicated with any person other than the consumer more than once without authorization from the consumer and without a reasonable belief that the earlier response from said person as to the consumer's location was erroneous or incomplete in violation of 15 U.S.C. §1692b(3);

   c. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

   d. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   e. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

17. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.   JURY DEMAND

18. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JENNIFER FAHRNER, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**JENNIFER FAHRNER**

By:   s/ Larry P. Smith
Attorney for Plaintiff

Dated: May 28, 2009

Larry P. Smith (Atty. No.: 6217162)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:   (312) 222-9028
Facsimile:   (888) 418-1277
E-Mail:   lsmith@smithlaw.us